```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GUADALUPE BOSCH,

                    Plaintiff,
                                         MEMORANDUM AND ORDER
          -against-                      08-CV-0238(JS)(AKT)

DOMENICO LAMATTINA, YOUNG &
YOUNG LLP, THOMAS J. BAILEY, ESQ.,
JOSEPH A. SCHUBIN & ASSOCIATES,
FREEDOM MORTGAGE CORPORATION,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Donald Markowitz, Esq.
                    Flower, Medalie & Markowitz
                    24 East Main Street, Suite 201
                    Bay Shore, NY 11706

For Defendants:
Young & Young:      Patrick F. Young, Esq.
                    Young & Young, LLP
                    863 Islip Avenue
                    Central Islip, NY 11722

Thomas J. Bailey    Peter David Rigelhaupt, Esq.
                    L'Abbate, Balkan, Colavita & Contini, LLP
                    1001 Franklin Avenue, 3rd Floor
                    Garden City, NY 11530

Joseph A. Schubin
& Associates        Ariel Michael Furman, Esq.
                    Kaufman, Borgeest & Ryan, LLP
                    99 Park Avenue, 19th Floor
                    New York, NY 10016

Freedom Mortgage
Corp.               Gerald A. Bunting, Esq.
                    Law Offices of Gerald A. Bunting
                    114 Old Country Road, Suite 616
                    Mineola , NY 11501

SEYBERT, District Judge:
```

Defendant Joseph A. Schubin & Associates ("Defendant Schubin") moves to dismiss Plaintiff Guadalupe Bosch's Complaint

pursuant to Federal Rules of Civil Procedure 12(b)(6). Despite being represented by counsel, Plaintiff has not opposed the motion to dismiss. For the reasons set forth herein, Defendant's motion is GRANTED.

## BACKGROUND

Prior to November, 2, 2006, Plaintiff Guadalupe Bosch (hereinafter "Plaintiff") was the fee simple owner of a residence located at 105 Barber Street, Brentwood, New York. In 2006, Plaintiff fell behind on her mortgage payments and faced foreclosure. Defendant Domenico LaMattina approached Plaintiff regarding her residence and offered to assist Plaintiff. Defendant LaMattina arranged to meet Plaintiff on November 2, 2006 at the offices of Defendant Young & Young. Upon arrival, Plaintiff learned that this meeting was a closing, wherein Plaintiff was scheduled to sell her home to Defendant LaMattina, and lease it back from him, with an option to repurchase the home in two years.

At the closing, Plaintiff met Defendant Bailey, whom she was told would be her attorney. Defendant, as the buyer, was represented by Defendant Young & Young, LLP. Defendant Schubin acted as the settlement agent, representing Defendant Freedom Mortgage. Defendant Freedom Mortgage was Defendant LaMattina's mortgage broker and funded the loan on the day of the closing.

Plaintiff alleges that she received nothing from the sale. Plaintiff alleges that instead of receiving any disbursement

2

from the sale, she paid Defendant LaMattina's closing costs and created an escrow account to pay the real estate taxes on Defendant LaMattina's behalf.

There are three relevant causes of action against Defendant Schubin. Under the first cause of action, Defendant Schubin allegedly violated 12 U.S.C. § 2607(a) and § 2607(b) of the Real Estate Settlement Procedures Act ("RESPA") by preparing a false HUD-1 Settlement Statement, and by paying fees and/or kickbacks to each other. Under the second cause of action, Defendant Schubin allegedly defrauded Plaintiff from the equity to her home as well as ownership of her home through its preparation of the false HUD-1 Settlement Statement. And the final cause of action Defendant Schubin allegedly violated is under New York State General Business Law § 349 ("Deceptive Practices Act"). Plaintiff alleges misleading practices such as preparing a false HUD-1 Settlement Statement, making misrepresentations to Plaintiff, and failing to disclose conflicts.

Defendant Schubin moved to dismiss this Complaint on March 28, 2008. The remaining Defendants have not moved for dismissal. Thus, the Court's findings in this Order are limited to Plaintiff's claims against Defendant Schubin.

DISCUSSION

I.  Standard of Review

   A.  Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must satisfy a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The Complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 1965 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

In applying this standard, the district court must accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Additionally, the Court is confined to "the allegations contained within the four corners of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998.) However, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it

4

by reference" as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991).

Defendant argues that Plaintiff fails to state a claim under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. ("RESPA"), fails to state a claim for fraud, and fails to state a claim under the New York State General Business Law § 349.

II. RESPA

Plaintiff's vague claim appears to state a claim under 12 U.S.C. § 2607(a) and § 2607(b). Section § 2607(a), entitled "Business Referrals, provides, "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." Section 2607(b) of the RESPA statute provides in relevant part: "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." RESPA also requires certain disclosures in

5

relation to real estate transactions. See Section 2603(b); Kruse v. Wells Fargo Home Mortg., Inc., 383 F.3d 49, 57 n.6 (2d Cir. 2004).

It is unclear what Plaintiff's claims are against Defendant Schubin. Defendant Schubin argues that to the extent Plaintiff maintains a violation of Section 2603(b), Plaintiff has not alleged what statements were not disclosed, or how the statements were fraudulent. The Court agrees. Plaintiff has not responded to Defendant's motion to dismiss, and thus the Court does not have any clarification as to what Plaintiff's claims are.

Congress enacted RESPA to protect consumers "from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a)-(b); see also Cohen v. JP Morgan Chase & Co., No. 04-CV-4098, 2009 WL 212159, at *3 (E.D.N.Y. Jan. 28, 2009) (noting Congress' two concerns for RESPA: providing consumers with more information and protecting consumers from high settlement charges). Congress sought to prevent, among other things, fees and kickbacks for referrals involving a federally related mortgage. See Calvagno v. Bisbal, 430 F. Supp. 2d 95, 100 (E.D.N.Y. 2006).

To state a claim under Section 2607(b), the "plaintiff[] must establish that the . . . [fees] at issue constitute charges rendered at or in relation to settlement." Cohen, 2009 WL 212159, at *11 (quoting Bloom v. Martin, 865 F. Supp. 1377, 1381-82 (N.D.

6

Ca. 1994)). This provision prohibits "'one service provider' from charging the consumer a fee for which 'no . . . work [was] done.'" Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 126 (2d Cir. 2007) (quoting Policy Statement, 66 Fed. Reg. at 53,057). Plaintiff's Complaint fails to state a claim under this provision as to Defendant Schubin. Plaintiff does not allege what fee was unearned as to Defendant Schubin. Finally, Plaintiff has not alleged how Schubin was involved in making any federally-related loans to Plaintiff.

In sum, the Court finds that Plaintiff's Complaint fails to state a RESPA cause of action against Defendant Schubin.

II. Fraud

Defendant Schubin argues that Plaintiff fails to state a cause of action for fraud. The Court agrees.

To satisfy Rule 9(b), a Complaint alleging common law fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). For a common-law fraud action to lie, Plaintiffs must allege a "representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by

7

the plaintiff and resulting injury." Id. at 291. Plaintiff's common-law fraud claim against Schubin fails because the Complaint is devoid of facts which, taken as true, would show a common law fraud claim against Defendant Schubin.

Plaintiff has not alleged what false statements Schubin made, Schubin's knowledge that such statements were false, or Plaintiff's reliance on the allegedly false statements. Thus, the Court GRANTS Defendant Schubin's motion to dismiss Plaintiff's fraud claims.

III. <u>Plaintiff Fails to State a Claim Under the General Business Law</u>

New York State's General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. § 349 (McKinney's 2009). To state a claim under Section 349, a "plaintiff must allege that the defendant has engaged in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof." <u>Gaidon v. Guardian Life Ins. Co. of Am.</u>, 94 N.Y.2d 330, 344, 725 N.E.2d 598; 704 N.Y.S.2d 177 (1999) (internal quotation marks and citation omitted). As a threshold matter, a plaintiff claiming a violation of this law must allege conduct of the defendant that is aimed at the consuming public. <u>See</u> <u>Crippen v. Town of Hempstead</u>, No. 07-CV-3478, 2009 U.S. Dist. LEXIS 24820, at *46 (E.D.N.Y. Mar. 25, 2009); <u>Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank</u>,

8

<u>N.A.</u>, 85 N.Y.2d 20, 647 N.E.2d 741, 744, 623 N.Y.S.2d 529 (1995). Plaintiff's claim completely fails to state any conduct on behalf of Schubin that is aimed at the consuming public and injured Plaintiff. Accordingly, the Court GRANTS Defendant Schubin's motion to dismiss this claim.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant Schubin's motion to dismiss. The Clerk of the Court is directed to terminate Joseph A. Schubin & Associates as a Defendant in this matter.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        March <u>31</u>, 2009

9